UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY CADARO | CIVIL ACTION |
| VERSUS | NO. 22-3777 |
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, *et al.* | SECTION M (5) |

## ORDER & REASONS

Before the Court is a motion to dismiss filed by defendant American National Property and Casualty Company ("ANPAC").[1]  The motion is set for submission on March 21, 2024.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance March 13, 2024.  Plaintiff Anthony Cadaro, who is not represented by counsel,[3] did not file an opposition to the motion.  Accordingly, because the motion is unopposed and appears to have merit,[4]

---

[1] R. Doc. 22.  Plaintiff brings all claims against both ANPAC and ANPAC Louisiana Insurance Company. In its answer, ANPAC contends that it is the successor in interest to ANPAC Louisiana Insurance Company.  R. Doc. 8 at 1.  For purposes of this Order & Reasons, any reference to "ANPAC" refers to both entities.

[2] R. Doc. 22-5.

[3] On June 30, 2023, the Court sent Cadaro a letter advising that his former attorney with the law firm of McClenny, Moseley & Associates, PLLC had been withdrawn from the matter.  R. Doc. 17.  A form was attached to the letter asking Cadaro to respond by completing the form and returning it to the Court within 60 days to indicate whether he had retained new counsel, wished to represent himself in the matter, or wanted to dismiss the matter.  *Id.* at 3.  Cadaro was advised that failure to respond may result in dismissal of the case.  The Court did not receive any indication that the letter was undeliverable, yet Cadaro never responded to the letter.  Consequently, Cadaro is necessarily proceeding *pro se*.  Although the Court construes *pro se* filings liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

[4] This is an insurance coverage dispute arising out of damage to Cadaro's property allegedly sustained during Hurricanes Delta and Ida.  Cadaro alleges that his property, located in Bogalusa, Louisiana, was covered by an insurance policy issued by ANPAC at the time of the hurricanes, but that the insurer has failed to pay for the damages. R. Doc. 1 at 4-6.  Cadaro also asserts a claim against ANPAC for breach of contract and seeks penalties and attorney's fees under La. R.S. 22:1892 and 22:1973.  *Id.* at 6-10.  ANPAC now files the instant motion to dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.  In the motion, ANPAC argues that Cadaro has no claim under the policy because he is not the named insured, attaching a copy of the policy's declarations page.  R. Docs. 22-1 at 1; 22-2.  Instead, says ANPAC, the policy at issue is a "force-placed policy" procured by Cadaro's mortgage lender, Magee Holdings, LLC ("Magee"), to protect its interest in the property against a covered loss.  R. Doc. 22-1 at 1-2.  ANPAC further argues that the case should be dismissed under Rule 12(b)(1) for lack of standing since Cadaro is not a named insured or intended third-party beneficiary.  *Id.* at 5-6.

IT IS ORDERED that ANPAC's motion to dismiss (R. Doc. 22) is GRANTED.

IT IS FURTHER ORDERED that all claims in this matter are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 14th day of March, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

At the outset, the Court notes that ANPAC's argument regarding Cadaro's lack of standing goes to the merits of Cadaro's claims, not Article III standing. *See Cotton v. Certain Underwriters at Lloyd's*, 831 F.3d 592, 595 (5th Cir. 2016) ("We thus do not view the fact that the [plaintiffs] were not a named insured in the policy covering property they owned as a defect that goes to Article III standing."); *Brown v. Am. Mod. Home Ins. Co.*, 2017 WL 2290268, at *3 (E.D. La. May 25, 2017) ("The issue of whether plaintiffs have 'standing' in the sense of a right to sue under the contract is better analyzed as whether they have stated a claim under Rule 12(b)(6)."). Under the standard for a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Louisiana law, an insurance policy, like any other contract, is construed according to the general rules of contract interpretation set forth in the Louisiana Civil Code. *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256-57 (5th Cir. 2022) (citing *Supreme Servs. & Specialty Co. v. Sonny Greer, Inc.*, 958 So. 2d 634, 638 (La. 2007)). "Courts must first consider the parties' intent by examining the words of the policy." *Id.* at 257 (citing *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 589 (La. 2007); La. Civ. Code arts. 2045-2046). In examining the terms of the policy, "'words and phrases in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning.'" *Id.* (quoting *Sims*, 956 So. 2d at 589). "'When the words of an insurance contract are clear and unambiguous and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent.'" *Id.* (quoting *Gorman v. City of Opelousas*, 148 So. 3d 888, 892 (La. 2014)). A court cannot exercise "inventive powers to create an ambiguity where none exists or [make] a new contract when the terms express with sufficient clearness the parties' intent." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003).

"'To state a claim under an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy.'" *James v. Am. Sec. Ins. Co.*, 2021 WL 5795292, at *2 (E.D. La. Dec. 7, 2021) (quoting *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 641 (E.D. La. 2019)). Here, ANPAC contends, and the policy's declarations page states, that Magee is the only named insured, and there are no additional insureds listed. To have standing, then, Cadaro must be an intended third-party beneficiary of the policy. "Under Louisiana law, a contracting party may stipulate a benefit for a third person called a third-party beneficiary. Louisiana courts have termed this stipulation as a *stipulation pour autrui*." *Haley v. Am. Sec. Ins. Co.*, 643 F. Supp. 3d 604, 611 (E.D. La. 2022) (footnotes omitted). "There are three key criteria in Louisiana law for determining whether such a stipulation exists in a contract: (1) the stipulation must be 'manifestly clear;' (2) the benefit to the third party must be certain; and (3) the benefit may not be a 'mere incident' of the contract." *James*, 2021 WL 5795292, at *2 (quoting *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So. 2d 1206, 1212 (La. 2006)). Courts are not to presume the existence of a stipulation *pour autrui* in a contract. *Id.* Moreover, "[t]he party claiming the benefit [of a stipulation *pour autrui*] bears the burden of proof." *Joseph*, 939 So. 2d at 1212.

In neglecting to oppose ANPAC's motion, Cadaro has failed to satisfy his burden of demonstrating that the policy contains a stipulation *pour autrui*. Thus, since ANPAC is the only named insured shown on the declarations page, R. Doc. 22-2, and Cadaro has not come forward with evidence of his status as a third-party beneficiary under the policy, dismissal is proper as Cadaro does not have standing to bring a breach-of-contract claim against ANPAC. Further, because Cadaro does not have standing to bring a breach-of-contract claim, he similarly cannot assert claims for statutory penalties under La. R.S. 22:1892 and 22:1973. *See, e.g.*, *Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. App. 2002) (so holding as to the statutory predecessors of these penalty provisions).